UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-21501-BLOOM

GREGORY HARRIS,

    Plaintiff,

v.

MIAMI-DADE COUNTY, *et al.*,

    Defendant.
_____/

**ORDER ON MOTION TO PROCEED *IN FORMA PAUPERIS***

**THIS CAUSE** is before the Court upon *pro se* Plaintiff Gregory Harris' ("Petitioner") Complaint, ECF No. [1] ("Complaint"), and his Application to Proceed in District Court Without Prepaying Fees or Costs, ECF No. [3] ("Motion"). For reasons set forth below, the Complaint is dismissed, and the Motion is denied as moot.

    **I.**    **FACTUAL BACKGROUND**

On May 13, 2022, Plaintiff filed his Complaint asserting a "Federal Tort Claim Action under 28 U.S.C. § 2671 for Malicious Prosecution and Abuse of Process, 11 U.S.C. § 523 Action." ECF No. [1] at 1. The Complaint does not appear to allege claims against any particular defendant, but in the case heading, Plaintiff lists "Miami-Dade County et al[.]" as the Defendants. *Id.* The summonses attached to the Complaint list the following individuals and entities: Regional Counsel, Lorenzo Williams, Kenya Washington, Marcia Louevaro, N. Rosa, Jeffrey Fulkner, Nikeya Hill, Scott Bernstein, Chief Judge, State Attorney, Public Defender, APAC Office, Clerk of Court, Opa Locka Police Department, Florida Department of Corrections, Thomas Rebull, Griska Rodriguez, Natalie Snyder, Steven Demanovich, Kelly Foster, Johnny Browdy, Fredericka Roberts, Chealy Miller, and Jelani Davis. *See* ECF No. [1-2]. Based on the case heading and proposed summonses,

the Court construes Plaintiff's Complaint to be a claim against Miami-Dade County and various state officials and entities under the Federal Tort Claims Act. Plaintiff seeks "five hundred thousand dollars from each defendant for compensatory damages, and five hundred thousand dollars, from each defendant's [*sic*] for punitive, and mental and emotional injury's [*sic*]." *Id.* at 45. Along with the Complaint, Plaintiff filed the instant Motion seeking to proceed *in forma pauperis* ("IFP"). *See* ECF No. [3]. In the Motion, Plaintiff represents that he "just got [out] of prison, and [is] currently homeless." *Id.* at 5.

## II. LEGAL STANDARD

Fundamental to our conception and system of justice is that the courthouse doors will not be closed to persons based on their inability to pay a filing fee. However, "proceeding *in forma pauperis* is a privilege, not a right." *Camp v. Oliver*, 798 F.2d 434, 437 (11th Cir. 1986). The privilege of using the federal courts for free to right an individual civil wrong should be granted "sparingly." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 (11th Cir. 2004) (quoting *Flowers v. Turbine Support Div.*, 507 F.2d 1242, 1244 (5th Cir. 1975)). Congress has provided that a court "may authorize the commencement . . . or prosecution of any suit, action or proceeding . . . or appeal therein, without the prepayment of fees . . . therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees . . . ." 28 U.S.C. § 1915(a)(1); *see Martinez*, 364 F.3d at 1306 n.1 (interpreting statute to apply to all persons seeking to proceed IFP).

Further, 28 U.S.C. § 1915(e)(2) states in relevant part:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal—
>   (i) is frivolous or malicious;
>   (ii) fails to state a claim on which relief may be granted; or

>    (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2). Under § 1915(e)(2)(B)(i), a complaint may be dismissed if the court determines that the action is frivolous. "[A]n action is frivolous if it is without arguable merit either in law or fact." *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002) (internal citation and quotation marks omitted). Further, under section 1915(e)(2)(B)(ii), a complaint may be dismissed if the court determines that the complaint fails to state a claim on which relief may be granted. *See Wright v. Miranda*, 740 F. App'x 692, 694 (11th Cir. 2018). The standard for determining whether a complaint states a claim upon which relief can be granted is the same whether under § 1915(e)(2)(B) or Fed. R. Civ. P. 12(b)(6). *See Pullen v. Sec'y, Dep't of Corr.*, No. 19-11797-C, 2019 WL 5784952, at *1 (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)).

Pursuant to Fed. R. Civ. P. 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). There is no required technical form, but "each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). The statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation marks omitted). Thus, "a complaint must allege sufficient facts to state a claim that is plausible on its face." *Pullen*, No. 19-11797-C, 2019 WL 5784952, at *1 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The "factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp.*, 550 U.S. at 555 (citations omitted). The plaintiff is obligated to allege "more than mere labels and legal conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Quality Auto Painting Ctr. of Roselle, Inc. v. State Farm Indemnity Co.*, 917 F.3d 1249, 1262 (11th Cir. 2019) (quoting *Bell Atl. Corp.*, 550 U.S. at 555).

"*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys

and will, therefore, be liberally construed." *See Rodriguez v. Scott*, 775 F. App'x 599, 602 (11th Cir. 2019) (quoting *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998)). Thus, the allegations in the complaint must be accepted as true and construed in the light most favorable to the *pro se* plaintiff. *See Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003). However, a *pro se* filer "still must comply with the Federal Rules of Civil Procedure." *Rodriguez*, 775 F. App'x at 602 (citing Fed. R. Civ. P. 8(a)(2) and *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)). A district court is not required to "rewrite an otherwise deficient pleading in order to sustain an action." *Rodriguez*, 794 F. App'x at 603 (internal citation and quotation marks omitted).

### III.  DISCUSSION

Because Plaintiff filed a Motion seeking to proceed IFP, the Court examines whether the Complaint is frivolous and whether the Complaint seeks monetary relief against defendants who are immune from such relief. *See* 28 U.S.C. § 1915(e)(2); *Martinez*, 364 F.3d at 1306 n.1 (interpreting statute to apply to all persons seeking to proceed IFP). Upon review, Plaintiff's Complaint is frivolous and warrants dismissal. The Complaint appears to assert a claim under the Federal Tort Claims Act. However, there is no coherence to the Complaint, and this Court cannot discern from the pleading Plaintiff's specific allegations nor when those events related to his claim occurred. Further, to the extent that the heading in the Complaint and the proposed summonses are directed at state officials and state entities, the Court notes that the Federal Tort Claims Act does not provide any relief against state officials and state entities. *See* 28 U.S.C. § 1346(b). As such, the Court determines that Plaintiff's Complaint must be dismissed.

### IV.  CONCLUSION

Accordingly, it **is ORDERED AND ADJUDGED** as follows:

1.  Plaintiff's Complaint, **ECF No. [1]**, is **DISMISSED WITH PREJUDICE**.
2.  Plaintiff's Motion, **ECF No. [3]**, is **DENIED AS MOOT**.

Case No. 22-cv-21501-BLOOM

3. To the extent not otherwise disposed of, any scheduled hearings are **CANCELED**, all pending motions are **DENIED AS MOOT**, and all deadlines are **TERMINATED**.

4. The Clerk is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on May 17, 2022.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Gregory Harris
M38811
13220 Aswan Rd. #4
Opa Locka, FL 33054
PRO SE